IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **THE HARTFORD UNDERWRITERS INSURANCE COMPANY** | **PLAINTIFF** |
| V. | NO. 3:22-CV-2-DMB-RP |
| **VASARO CORPORATION d/b/a Hands on Labor Agency, and SHENA GREER** | **DEFENDANTS** |

## ORDER

On January 4, 2022, the Hartford Underwriters Insurance Company filed a complaint in the United States District Court for the Northern District of Mississippi against Vasaro Corporation d/b/a Hands on Labor Agency, and Shena Greer seeking a declaration that, with respect to a workers compensation and employers liability policy it issued to Vasaro, the Hartford does not have any defense or indemnity obligations under the policy "for the claims made in the underlying workers' compensation action filed on September 30, 2021, before the Mississippi Workers' Compensation Commission by Shena Greer against Brawco, Inc. and Midwest Employers Casualty Company; Vasaro and Hartford; and Grinder Taber & Grinder, Inc. and The Continental Insurance Company." Doc. #1.

On April 7, 2022, the parties filed a "Joint Motion for Entry of Consent Judgment." Doc. #16. They represent in the joint motion that "this action has been settled and the parties have agreed to a Consent Judgment," a proposed copy of which was provided to the Court pursuant to the Local Rules. *Id.* at 1–2.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and

that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment the parties e-mailed to the Court and finds that it represents a fair and reasonable factual and legal determination based on the facts of record.[1] The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the joint motion for entry of a consent judgment [16] is **GRANTED**. A consent judgment consistent with the parties' proposed consent judgment will be entered separately.

**SO ORDERED**, this 12th day of April, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] The proposed consent judgment finds that (1) an insurance policy issued by Hartford to Vasaro "provides no coverage for the claims made" in an underlying worker's compensation action filed by Greer concerning her injuries in an automobile accident; (2) Hartford "does not have any defense or indemnity obligations under the Hartford Policy with respect to the Underlying Lawsuit and any worker's compensation coverage asserted by Greer and/or Vasaro arising out of the accident;" and (3) Hartford is not entitled to any attorneys' fees or expenses and each party shall bear its own costs and attorneys' fees.