**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| **THE HARTFORD UNDERWRITERS INSURANCE COMPANY** | **PLAINTIFF** |
| V. | NO. 3:22-CV-2-DMB-RP |
| **VASARO CORPORATION d/b/a Hands on Labor Agency, and SHENA GREER** | **DEFENDANTS** |

**CONSENT JUDGMENT**

In accordance with the Court's order granting the "Joint Motion for Entry of Consent Judgment" filed by The Hartford Underwriters Insurance Company ("Hartford"), Vasaro Corporation d/b/a Hands On Labor Agency ("Vasaro"), and Shena Greer ("Greer"), the Court finds:

1. This is a civil action for declaratory judgment arising from Hartford's issuance of a Workers Compensation and Employers Liability Policy to Vasaro for the policy period of March 30, 2021, through March 30, 2022, Policy Number 6S60UB-1K96184-4-21 (the "Hartford Policy").

2. An actual, substantive, and justiciable controversy exists between the parties concerning the existence of coverage under the Hartford Policy.

3. Hartford seeks a declaration that the Hartford Policy provides no coverage for the claims made in the underlying workers' compensation action filed on September 30, 2021, before the Mississippi Workers' Compensation Commission by Shena Greer against Brawco, Inc. and Midwest Employers Casualty Company; Vasaro and Hartford; and Grinder Taber & Grinder, Inc. and The Continental Insurance Company (the "Underlying Lawsuit"). Hartford seeks a declaration

that the Hartford Policy provides no coverage for the claims asserted in the Underlying Lawsuit and a declaration that it has no duty to defend the Underlying Lawsuit and no duty to indemnify any party for any damages that may be awarded in the Underlying Lawsuit.

4. Greer filed the Underlying Lawsuit on September 30, 2021, and amended her Petition to Controvert on October 29, 2021. The Underlying Lawsuit alleges that on June 8, 2021, Greer was injured in an automobile accident in Robinsonville, Tunica County, Mississippi, while in the course and scope of her employment. The Underlying Lawsuit alleges that Greer was an employee of Vasaro, Brawco, Inc., or Grinder Taber & Grinder, Inc. acting within the course and scope of her employment at the time of the accident on June 8, 2021. Greer is seeking Mississippi workers' compensation benefits in the Underlying Lawsuit.

5. At deposition in the Underlying Lawsuit, Greer testified she was an employee of Brawco, Inc. at the time of the subject accident, that she never talked to anyone at Vasaro, that she was hired for the subject employment in Mississippi, and that she principally worked at a construction site in Coahoma, Mississippi.

6. The General Section of the Hartford Policy contains information relevant to the scope of coverage under the Hartford Policy. In essential part, it states who Hartford insures, the law that is to be applied, the locations Hartford insures, and effective dates of the Hartford Policy. It states as follows:

> **A. The Policy**
>
> This policy includes at its effective date the Information Page and all endorsements and schedules listed there. It is a contract of insurance between you (the employer named in Item 1 of the Information Page) and us (the insurer named on the Information Page). The only agreements relating to this insurance are stated in this policy. The terms of

this policy may not be changed or waived except by endorsement issued by us to be part of this policy.

**B. Who is Insured**

You are insured if you are an employer named in Item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees.

**C. Workers Compensation law**

Workers Compensation Law means the workers or workmen's compensation law and occupational disease law of each state or territory named in Item 3.A. of the Information Page. It includes any amendments to the law which are in effect during the policy period. It does not include any federal workers or workmen's compensation law, any federal occupational disease law or the provisions of any law that provide nonoccupational disability benefits.

7. The Hartford Policy in **Part One – Workers Compensation Insurance** states as follows:

**A. How This Insurance Applies**

This workers compensation insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. Bodily injury by accident must occur during the policy period.
2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. The employee's last day of last exposure to the conditions causing or aggravating such bodily injury by disease must occur during the policy period.

**B. We Will Pay**

We will pay promptly when due the benefits required of you by the workers compensation law.

8. The Hartford Policy also includes the following clause in **Part One – Workers Compensation Insurance** with respect to Hartford's duty to defend:

**C. We Will Defend**

We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. We have the right to investigate and settle these claims, proceedings or suits.

We have no duty to defend a claim, proceeding or suit that is not covered by this insurance.

9. The only state listed in Item 3.A of the Hartford Policy is Tennessee, and Greer's claim in the Underlying Lawsuit is a claim for Mississippi benefits. The Hartford Policy includes a Residual Market Limited Other States Insurance Endorsement ("LOSIE") (WC 00 03 26 (A)) that replaces the Part Three – Other States Insurance portion of the Hartford Policy.

10. The LOSIE permits Hartford to pay workers compensation benefits in a state other than those which are listed in Item 3.A. of the policy if <u>all</u> of the LOSIE's conditions are met. The relevant part of the LOSIE is as follows:

"Part Three Other States Insurance" of the policy is replaced by the following:

PART THREE OTHER STATES INSURANCE

A. How This Insurance Applies

1. We will pay promptly when due the benefits required of you by the workers compensation law of any state not listed in Item 3.A of the Information Page if all

4

of the following conditions are met:

    a. The employee claiming benefits was hired under a contract of employment made in a state listed in Item 3.A. of the Information Page or was, at the time of injury, principally employed in a state listed in Item 3.A of the Information Page; and

    b. The employee claiming benefits is not claiming benefits in a state where, at the time of injury, (i) you have other workers compensation insurance coverage, or (ii) you were, by virtue of the nature of your operations in that state, required by that state's law to have obtained separate workers' compensation insurance coverage, or (iii) you are an authorized self-insurer or participant in a self-insured group plan; and

    c. The duration of the work being performed by the employee claiming benefits in the state for which that employee is claiming benefits is temporary.

**IMPORTANT NOTICE!**

If you hire any employees outside those states listed in Item 3.A of the Information Page or begin operations in any such state, you should do whatever may be required under that state's law, as this endorsement does not satisfy the requirements of that state's workers compensation law.

    11. Vasaro secured worker's compensation coverage for Tennessee worker's compensation claims.

    12. The policy provided limited coverage for worker's compensation claims outside of Tennessee but only if the requirements of the LOSIE were satisfied. The facts alleged in the Underlying Lawsuit do not satisfy the LOSIE. Greer was not hired in Tennessee. Greer was

contacted by a Brawco representative to come work at a job in Clarksdale, Coahoma County, Mississippi. Greer was not principally employed in Tennessee. Greer principally worked at a job site in Mississippi throughout the subject employment. The LOSIE coverage does not apply to the Underlying Lawsuit for the reasons set forth herein.

13. Hartford is entitled to a declaratory judgment that all of the injuries and/or damages alleged in the Underlying Lawsuit are for benefits under Mississippi's workers compensation law.

14. Pursuant to the terms of the Hartford Policy, Hartford is entitled to a declaration that it does not have any defense, indemnity, or other coverage obligations under the Hartford Policy with respect to the Underlying Lawsuit and Hartford is an improper party to the Underlying Lawsuit.

IT IS THEREFORE ORDERED AND ADJUDGED that the Hartford Policy provides no coverage for the claims asserted in the Underlying Lawsuit.

IT IS FURTHER ORDERED AND ADJUDGED that Hartford does not have any defense or indemnity obligations under the Hartford Policy with respect to the Underlying Lawsuit and any worker's compensation coverage asserted by Greer and/or Vasaro arising out of the accident described herein.

IT IS FURTHER ORDERED AND ADJUDGED Hartford is not entitled to Attorneys' fees and expenses in this matter and the underlying lawsuit and that each party shall bear its own costs and attorneys' fees in this matter.

**SO ORDERED**, this 12th day of April, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**